*1285 VOROS, Judge
(concurring):
[17 I concur in the majority opinion and write separately only to state my belief that it is time to rewrite the Allen instruction. That instruction derives from an 1896 jury charge:
These instructions were ..., in substance, that in a large proportion of cases absolute certainty could not be expected; that, although the verdiet must be the verdict of each individual juror, and not a mere acquiescence in the conclusion of his fellows, yet they should examine the question submitted with candor, and with a proper regard and deference to the opinions of each other; that it was their duty to decide the case if they could conscientiously do so; that they should listen, with a disposition to be convinced, to each other's arguments; that, if much the larger number were for conviction, a dissenting juror should consider whether his doubt was a reasonable one which made no impression upon the minds of so many men, equally honest, equally intelligent with himself. If, upon the other hand, the majority were for acquittal, the minority ought to ask themselves whether they might not reasonably doubt the correctness of a judgment which was not concurred in by the majority.
Allen v. United States, 164 U.S. 492, 501, 17 S.Ct. 154, 41 L.Ed. 528 (1896). According to the Allen court itself, these instructions "were taken literally from a charge in a criminal case which was approved of by the supreme court of Massachusetts in [Commonwealth] v. Tuey, 8 Cush. 1 [ (1851) ], and by the supreme court of Connecticut in State v. Smith, 49 Conn. 376, 386 [ (1881) ]." Id. Those cases were issued in 1851 and 1881 respectively,. In other words, the instructions used in this case and in State v. Harry, 2008 UT App 224, 189 P.3d 98, were basically an 1851 instruction as modified by a century and a half of tinkering. The result is an unwieldy instruction that has resulted in two reversals in five years.
1 18 I realize that prudence often counsels in favor of continuing to do what has worked in the past. But as Harry and the present case demonstrate, what has worked in the past has not always worked well. In my view, a fresh verdict-urging instruction designed from the ground up could achieve the legitimate goals of the Allen instruction while both protecting defendants' rights and preserving just convictions.